## EWALT'S Lessee *v.* HIGHLANDS. (*a*)

### *Settlement.*

**Personal** residence must accompany every settlement, on which a survey can be regularly made, unless such danger exists, as would prevent a man of reasonable firmness from remaining on the land; and even then, the *animus residendi* must appear: deadening an acre or two of timber, planting a few peach-stones, apple-seeds and potatoes, can never be circumstances amounting to a settlement, though a cabin should also be put up, if the party resides at a distance, and no tenant actually occupies the land. (*b*)

EJECTMENT for 400 acres of land at Gerty's Run, across the Allegheny, the plaintiff claiming under settlement and survey. From the evidence, it appeared, that on the 30th of April 1792, the lessor of the plaintiff passed the Allegheny, with two hands, to make an improvement; that they deadened about one acre of wood, returned, and about two weeks afterwards, went over again, and deadened a little more wood ; that a cabin was erected, with a clap-board roof, eight feet square, and logs cut out for a door ; that a few peach-stones, apple-seeds and potatoes were planted; but no other improvements were made ; and neither the lessor of the plaintiff, nor any tenant for him, resided on the land. On the 9th of April 1794, a survey was made by Jonathan Leet, the deputy-surveyor of the district, under this settlement. On the 10th of Feruary 1796, Ewalt leased the land to P. Smith, who went over the Allegheny, kindled a fire in the cabin, stayed there an hour, and then removed; but Ewalt and his family constantly resided on the east side of the river ; while, on the other hand, the defendant and his family lived for three years on the premises.

I. When Leet's survey was offered in evidence, the defendant's counsel objected ; but it was admitted by THE COURT, upon the ground, " that in cases of title, under settlement and improvement of lands, north and west of the rivers Ohio and Allegheny and Conewango creek, the deputy-surveyor must, in the first instance, judge of the right ; though subject to the opinion of the court and jury."

II. In delivering the charge, the following sentiments were expressed.

BY THE COURT.—It is now the province and the duty of the court and jury to decide, whether the survey in question was properly made, under the act of the 3d of April 1792. (3 Dall. Laws, 209.) The act itself has laid down no general rule \*ascertaining what kind and extent of settle- [\*162 ment and improvement will warrant a survey ; nor is it the intention

---

(*a*) Tried at Pittsburgh, May 1799, before YEATES and SMITH, Justices.

(*b*) The following cases are among the earliest and most interesting on this subject: Commonwealth *v.* Coxe, *post,* p. 170; Morris's Lessee *v.* Neighman, *post,* p. 209 ; s. c. 2 Yeates, 450 ; McLaughlin's Lessee *v.* Dawson, *post,* p. 221 ; s. c. 3 Yeates, 61 ; Balfour's Lessee *v.* Meade, *post,* p. 363 ; s. c. 1 W. C. C. 18 ; Huidekoper's Lessee *v.* Douglass, *post,* p. 392 ; s. c. 3 Cr. 1, and 1 W. C. C. 258 ; s. P. Lessee of Huidekoper *v.* Burrus, Id. 109 ; Huidekoper *v.* McClean, Id. 186.

of the court, upon the present occasion, to lay down any general rule upon the subject. It may, however, be observed, that personal residence must accompany any settlement, on which a survey can be regurlarly made; unless such danger exists, as would prevent a man of reasonable firmness from remaining on the land; and even then, the *animus residendi* must appear. Again, though we agree, that what constitutes a settlement will essentially depend on the circumstances of each case; we may state, negatively, that deadening an acre or two of timber, planting a few peach-stones, a few apple-seeds, or a few grains of corn, can never be deemed circumstances, amounting in themselves, to a settlement, in any case, though a cabin should also be put up, if the party resides at a distance, and no tenant actually occupies the land. If these can give no legal preference, much less will it be deemed a case of preference, contemplated by the act of assembly, that a man has set his foot, or his heart, on a tract, and claims it as his own. It is hardly necessary to add, that we do not think the acts of the lessor of the plaintiff, in the present case, constituted such an actual settlement, as authorized a survey; and consequently, he has no title to recover the land.

The plaintiff's counsel, finding the opinion of the Court thus decidedly against him, suffered a nonsuit.

*Brackenridge*, for the plaintiff.    *Woods* and *Collins*, for the defendant.